## IN RE NATHAN B.*

### (AC 30089)

Beach, Robinson and Mihalakos, Js.

Argued May 19—officially released August 18, 2009

*Jonathan D. Chomick*, for the appellant (respondent father).

*Jonathan W. A. Ruhe*, for the appellee (petitioner).

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

PER CURIAM. The respondent father appeals from the judgment of the trial court rendered in favor of the petitioner mother, terminating the respondent's parental rights with respect to his minor child, Nathan B. The sole issue on appeal is whether, under the circumstances of this case, the trial judge's continuing to preside at the trial created an appearance of impropriety, requiring his recusal. We conclude that it did and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are necessary for the resolution of the respondent's appeal. On June 10, 2005, the petitioner filed a petition in the West Hartford Probate Court to terminate the respondent's parental rights. The petitioner alleged that the child had been abandoned by the respondent, that there was no ongoing parent-child relationship and that to allow further time for the establishment or reestablishment of the parent-child relationship would be detrimental to the child. Following a hearing at which the respondent failed to appear, the court, *Hon. Sydney W. Elkin*, found that the respondent "made no effort to reunite with the child or have contact with the child." On November 5, 2007, the court approved the termination of the respondent's parental rights. The respondent subsequently filed a "motion to reopen" the case, which was denied. The respondent then appealed to the Superior Court.[1]

On February 29, 2008, the trial court began a trial de novo. On the first day of a two day trial, the court, *Hon. William L. Wollenberg*, judge trial referee, reprimanded the respondent for his disruptive behavior in the courtroom. A colloquy ensued between the court and the respondent, as follows:

---

[1] Any person aggrieved by an order of the Probate Court may appeal to the Superior Court as provided by statute. See General Statutes § 45a-186; *In re Jessica M.*, 71 Conn. App. 417, 424, 802 A.2d 197 (2002).

"[The Respondent]: Your Honor, could I address you on this issue?

"The Court: You can do whatever your attorney wants you to do.

"[The Respondent]: Your Honor, I apologize, it's just that I'm not trying to in any [way] to make undue gestures or motions or—I'm just concerned about the outcome of this and I'm very involved in this case and I'm . . . .

"The Court: Don't get me going, please. You're here today, concerned about the outcome. The child is ten years old. You were with him for one year. And you're very concerned today? After nine years?

"[The Respondent]: I've been very, no, I've been very concerned for a long time.

"The Court: Well, it doesn't look like it from what I've seen here. Please continue. And you can't blame me for taking that . . . opinion.

"[The Respondent]: Well, Your Honor . . . .

"The Court: Somebody who cared would not stick himself in jail and stay there so he couldn't see his child. Now, I don't want to get into it any further. Move on. [I'm] [s]ick of these people who come in and say, 'Oh, I really care. I haven't seen him in nine years, Judge, but I really care.' Check with your attorney, see what he has done in the last nine years with his family and how he has worked. Check with anybody here. They tended to their families. Move on."

At the conclusion of the petitioner's case, the respondent made a "motion for a new trial"[2] on the ground that the court no longer appeared to be impartial. The court denied the motion, stating that the respondent

---

[2] The motion for a new trial was treated as a motion for a mistrial.

"opened the door" for the dialogue when he addressed the court. After the motion for a new trial was denied, the respondent testified and presented testimony from one other witness. At the conclusion of the trial, the court granted the petition for termination of the respondent's parental rights.

On appeal, the respondent claims that the court improperly denied his motion for a new trial. The respondent argues that the court violated the principles of impartiality and fairness set forth in canon 3 (c) (1) of the Code of Judicial Conduct[3] and, therefore, should have disqualified itself and granted the respondent a new trial.

"An appeal as to a judge's impartiality is governed by the abuse of discretion standard of review. . . . The standard to be employed is an objective one, not the judge's subjective view as to whether he or she can be fair and impartial in hearing the case. . . . Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned is a basis for the judge's disqualification. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *State* v. *Tunick*, 109 Conn. App. 611, 613–14, 952 A.2d 103, cert. granted on other grounds, 289 Conn. 943, 959 A.2d 1011 (2008).

"No more elementary statement concerning the judiciary can be made than that the conduct of the trial judge must be characterized by the highest degree of

---

[3] Canon 3 (c) (1) provides in relevant part: "A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned . . . ."

impartiality. If he departs from this standard, he casts serious reflection upon the system of which he is a part. A judge is not an umpire in a forensic encounter. . . . He is a minister of justice. . . . He may, of course, take all reasonable steps necessary for the orderly process of the trial. . . . In whatever he does, however, the trial judge should be cautious and circumspect in his language and conduct. . . . A judge should be scrupulous to refrain from hearing matters which he feels he cannot approach in the utmost spirit of fairness and to avoid the appearance of prejudice as regards either the parties or the issues before him. . . . A judge, trying the cause without a jury, should be careful to refrain from any statement or attitude which would tend to deny [a party] a fair trial. . . . It is his responsibility to have the trial conducted in a manner which approaches an atmosphere of perfect impartiality which is so much to be desired in a judicial proceeding." (Citations omitted; internal quotation marks omitted.) *Cameron* v. *Cameron*, 187 Conn. 163, 168–69, 444 A.2d 915 (1982). "[E]xpressions of a preconceived view of the credibility of a witness who had not yet testified before the trier and of an attitude of skepticism concerning any person represented by his counsel must [be] devastating to [a party] and astounding to any observer schooled in the simple faith that the court is an instrument of justice." Id., 170.

On the first day of the trial, prior to any formal testimony by the respondent, the court engaged in the colloquy quoted previously. An objective observer reasonably could believe that the court's comments suggested that the respondent's motives were disingenuous and that the court characterized the respondent as a member of a group of litigants who insincerely assert an interest in court. The respondent's credibility was implicitly questioned before he testified. The court engaged in conduct that would lead a reasonable person

to question the court's impartiality. Accordingly, the court abused its discretion by failing to grant the respondent's "motion for a new trial."

The petitioner relies, in part, on *Keppel* v. *BaRoss Builders, Inc.*, 7 Conn. App. 435, 509 A.2d 51, cert. denied, 201 Conn. 803, 513 A.2d 698 (1986), in which this court concluded that the trial court's comments did not require disqualification. Finding that "a judge is a human being, not the type of unfeeling robot some would expect the judge to be," this court determined that the judge's repeated accusation that the defendant or his counsel were "playing fast and loose with the court," did not violate canon 3 (c) of the Code of Judicial Conduct. (Internal quotation marks omitted.) Id., 444. These comments did not reflect on the credibility of a party, nor did they necessarily indicate prejudice or predisposition in the consideration of evidence. Thus, the comments "[fell] far short of a reasonable cause for disqualification for bias or prejudice . . . ." Id.

*Keppel*, however, is distinguishable from the case before us. Although isolated venting of frustration may not require reversal, a reasonable person hearing the court's comments in the present case could interpret those remarks as expressions of a preconceived view of the credibility of the respondent, who had not yet testified. The objective observer could also view the comments as preconceived skepticism over the respondent's sincerity in his case. Therefore, we find that the court abused its discretion in denying the motion for a new trial.[4]

The judgment is reversed and this case is remanded for a new trial.

---

[4] No claim has been advanced that the court actually was not impartial, and we, of course, reach no such conclusion. We are concerned in this case only with the appearance to an objective observer.